IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE REEHOFF and BONNIE CHANCE, Plaintiffs, v. BATH & BODY WORKS, LLC, et al. Defendants. | 13 C 8073 Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Defendant Stephanie Dougherty moves to dismiss Joyce Rehoff and Bonnie Chance's Amended Complaint under Fed. R. Civ. P. 12(b)(6). The Amended Complaint (Dkt. No. 5) contains four counts alleging one count of discrimination in violation of the Age Discrimination in Employment Act and one count in violation of the Older Workers Benefit Protection Act with respect to each plaintiff. The allegations stem from the closure of an Elk Grove Village, Illinois Bath & Body Works store where Plaintiffs worked. Plaintiffs allege that when the store closed, they received severance packages inferior to those offered to employees who were younger than they were. They further allege that their severance agreements did not comply with the procedural requirements of the OWBPA and that their waiver of the right to sue under the ADEA contained in the severance agreement is therefore invalid. Plaintiffs filed suit against Bath & Body Works, LLC ("BBW"); Limited Brands Store Operations, Inc., which appears to be BBW's parent company; and Dougherty, their superior at BBW. Dougherty moves to dismiss the complaint against her because the complaint does not allege that she was an "employer" subject

to individual liability under the ADEA or that Plaintiffs have satisfied the ADEA's administrative prerequisites as to her.

## FACTS

The Court treats the following allegations from the Amended Complaint as true for the purposes of this motion. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Plaintiffs worked at a BBW store in Elk Grove Village, Illinois. (Am. Compl. ¶¶ 11, 13). Reehoff, a 65-year old woman, worked at BBW from approximately August 2001 until BBW terminated her employment on January 31, 2013. (*Id.* ¶ 12). At the time of her termination, Reehoff was the store manager at the Elk Grove Village store. (*Id.* ¶ 13). Chance, a 53-year old woman, worked at the same BBW location from approximately April 2008 until BBW terminated her on effective January 31, 2013. (*Id.* ¶ 16). At the time of her termination, Chance was a sales leader at the Elk Grove Village store. (*Id.* ¶ 17). During the same period, Dougherty worked at BBW as a district manager and had authority to make decisions regarding Plaintiffs' employment. (*Id.* ¶ 10).

In December 2012, Dougherty notified the employees at the BBW Elk Grove Village store that the store would be closing. (*Id.* ¶ 19). Dougherty told Plaintiffs that if they wanted to continue working for BBW at another location, they would have to apply for a vacant position, interview, and accept a new employee's salary if hired. (*Id.* ¶ 23). Dougherty led Plaintiffs to believe that BBW uniformly applied these conditions to all employees of the closing store. (*Id.* ¶¶ 23-24). Contrary to those representations, BBW offered younger employees the chance to continue working for the company without having to go through the application and interview process or suffer a reduction in pay or loss of seniority. (*Id.* ¶ 24).

On July 26, 2013 Plaintiffs filed age discrimination charges with the U.S. Equal Employment Opportunity Commission (EEOC) and with the Illinois Department of Human Resources (IDHR). (*Id.* ¶¶ 28-33). Plaintiffs mentioned Dougherty by name on their EEOC intake sheets, but the formal charges only named BBW as respondent. (*Id.* Exs. 3, 6). On November 11, 2013 the Plaintiffs filed a complaint in this Court alleging age discrimination under the ADEA and OWBPA. (Dkt. No. 1). On November 18, 2013, Plaintiffs filed the Amended Complaint which added Dougherty as a defendant. (Dkt. No. 5).

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Yeftich*, 722 F.3d at 915. To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678.

## DISCUSSION

Dougherty challenges the complaint on two grounds. First, she argues that it does not plausibly state a claim against her upon which relief can be granted because she is not an "employer" subject to individual liability under the ADEA. Second, Dougherty argues that the Amended Complaint does not contain allegations that Plaintiffs have satisfied the administrative prerequisites to their civil suit under the ADEA because she was not named in the EEOC charge

3

that preceded this lawsuit. The Court agrees with Dougherty on both accounts, either of which would be sufficient to sustain dismissal.

### A. The Amended Complaint does not allege that Dougherty is an employer subject to liability under the ADEA

Dougherty first argues that she is not the type of employer who can be held personally liable under the ADEA. The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . The term also means . . . any agent of such a person." 29 U.S.C. § 630(b). Liability under the ADEA does not exist for an individual who meets the statutory definition of employer solely because he or she is an "agent of such a person." *See E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ("We hold that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the [Americans with Disabilities Act]."); *see also Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) ("[*AIC Sec. Investigations*] held that there is no individual liability under the [ADA]. Because the relevant language in the ADA and the ADEA are identical, it is likely that . . . an individual could not be liable under the ADEA.") (citation omitted). Rather, Congress included "the 'and any agent' language in the definition of 'employer' . . . to ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents" who would not otherwise meet the definition of employer. *AIC Sec. Investigations*, 55 F.3d at 1281. While agents are "employers" under the ADEA, individual agents are subject to personal liability only if they meet the definition of employer without regard for the clause implicating agency. *Id.* at 1282.

Plaintiffs argue that the issue of individual liability under the ADEA is unresolved in this Circuit because the Seventh Circuit's cited holdings have construed Title VII or the ADA.

4

Plaintiffs are correct that the Seventh Circuit has not issued a holding specific to the ADEA, but it is nevertheless clear that the *AIC Sec. Investigations* standard for individual liability applies under the ADEA as well as Title VII and the ADA. *See AIC Sec. Investigations*, 55 F.3d at 1282 n.10 ("We emphasize that our holding only applies directly to the ADA, though it obviously affects the resolution of the very similar questions under Title VII and the ADEA."); *see also Cianci v. Pettibone Corp.*, 152 F.3d 723, 729 (7th Cir. 1998) ("we decline [the] invitation to reconsider our decisions *holding* that individual supervisors who are not otherwise employers cannot be sued under . . . the ADEA") (emphasis added); *Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1074 n.2 (N.D. Ill. 2013) (Kendall, J.) ("the case law is clear that a supervisor cannot be held liable in his individual capacity . . . under Title VII or the ADEA") (internal citation omitted). Plaintiffs have failed to cite any binding authority that calls this standard into question. The Court, therefore, applies the law as described above.

An individual is an "employer" independent of the "and any agent" language if that individual's "authority and interests are so aligned with the business as to render them the legal personification of the business, *i.e.*, principals rather than agents." *Smith v. Castaways Family Diner*, 453 F.3d 971, 978 (7th Cir. 2006) (Title VII). Control over day-to-day affairs is not enough; "the source of an individual's authority has an important bearing on whether he is appropriately classified as an employer[.]" *Id.* at 983 (citing *Solon v. Kaplan*, 398 F.3d 629 (7th Cir. 2005), and *Schmidt v. Ottawa Med. Ctr., P.C.*, 322 F.3d 461 (7th Cir. 2003)). The Court "must consider whether the individual exercises the authority by right, or whether he exercises it by delegation at the pleasure of others who ultimately do possess the right to control the enterprise." *Smith*, 453 F.3d at 984. Individuals with inherent authority, such as sole proprietors,

shareholders, and directors, are employers, while the managers to whom they delegate control are not. *Id*.

The Amended Complaint does not allege facts sufficient to find that Dougherty is an employer who is potentially subject to personal liability under the ADEA. The Amended Complaint alleges that Dougherty "was an agent of [BBW] and/or Limited; was a primary decision-maker concerning Plaintiff's employment; and had responsibility for the violations of federal law" contained in the Amended Complaint. (*Id.* ¶ 10). Dougherty's status as an agent of BBW or Limited is insufficient as a matter of law to expose her to personal liability. *See AIC Sec. Investigations*, 55 F.3d at 1282. Dougherty's role as a "primary decision-maker" is insufficient to render Dougherty an employer. The Amended Complaint does not allege that Dougherty was an owner or director of BBW or Limited, or otherwise imply that she enjoyed authority as a matter of right. Rather, according to the Amended Complaint Dougherty's title was "district manager." (Am. Comp. ¶ 10). It is implausible to conclude that Dougherty enjoyed her authority "by right" rather than at the pleasure of BBW or Limited. *Smith*, 453 F.3d at 984. Finally, whether Dougherty "had responsibility" for any alleged violation of federal law has no bearing on her status as an employer under the ADEA. Thus, the Amended Complaint has not stated a claim against Dougherty upon which the Court is capable of granting relief.[1]

### B. The Amended Complaint does not allege that Plaintiffs satisfied administrative prerequisites as to Dougherty

Dougherty argues next that Plaintiffs have not satisfied the administrative prerequisites to filing a civil suit under the ADEA. The ADEA requires plaintiffs seeking to pursue claims in federal court first to file a charge with the EEOC. 29 U.S.C. § 626(d). A plaintiff may not sue a

---

[1] The Court expresses no opinion as to the appropriateness of the Amended Complaint's characterization of BBW and Limited as "employers" under the ADEA or the existence or validity of Dougherty's agency relationship with BBW and Limited.

party under the ADEA if that party was not first named in an EEOC charge. *Id.*; *see also Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) ("In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge."). There is one exception to the rule that the EEOC charge must name each party named as a defendant in a subsequent civil case. If an unnamed party receives adequate notice of the charge and has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, that party may be sued notwithstanding the plaintiff's failure to name that party in his or her EEOC charge. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (Title VII) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir.1981)); *see also Williams*, 969 F. Supp. 2d at 1073 (applying *Eggleston* exception to ADEA case) (Kendall, J.).

Here, the Court need not address whether Dougherty received adequate notice because the Court has already determined that she cannot be held personally liable as an employer. There is therefore not need to address the second argument.

## CONCLUSION

For the reasons stated herein, Dougherty's motion is granted.

_____
United States District Court Judge
Northern District of Illinois

Date: September 29, 2014