IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE REEHOFF and BONNIE CHANCE, )
)
Plaintiffs, )
) No. 13 C 8073
v. )
) Judge Virginia M. Kendall
BATH & BODY WORKS, LLC, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Joyce Reehoff and Bonnie Chance filed this action against Defendant Bath & Body Works LLC ("BBW") alleging that they suffered employment discrimination on the basis of their age in violation of the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq* (the "ADEA") and the Older Workers Benefit Protection Act of 1990 (the "OWBPA"). BBW now moves for summary judgment. For the following reasons, the Court grants BBW's Motion for Summary Judgment.

## BACKGROUND

BBW, a retailer that specializes in personal care products and gift items, has a nationwide presence, including in Illinois. (Dkt. No. 61 at ¶ 1.) Each BBW store is staffed by a Store Manager, Co-Managers, Sales Leaders – together making up the Sales Leadership Team ("SLT") – and associates. (*Id*. at ¶¶ 2, 3.)

**A.     Relevant Employees**

Reehoff was hired by BBW in November 2000 as a part-time Sales Associate and was then promoted to Co-Sales Manager, a position she held for a 1.5 years. (*Id*. at ¶ 12.) In August

1

2004, near the time that BBW eliminated the Co-Sales Manager position, Reehoff became a part-time Sales Leader, a position she held until her termination on January 31, 2013. (*Id*. at ¶ 13.) Chance was hired by BBW as a part-time Sales Associate in April 2008, and was later promoted to part-time Sales Leader, a position that she held from July 2011 to January 31, 2013. (*Id*. at ¶¶ 14, 15.) From 2012 to 2013, Reehoff (age 65) and Chance (age 52) were employed at the Elk Crossing BBW Store ("Store") in Elk Grove Illinois. (*Id*. at ¶¶ 19, 21.) During that time, Plaintiffs worked with District Manager Stephanie Dougherty (age 45), full-time Store Manager Sarah Skirwut (age 30), and full-time Sales Leader Kristin Long[1] (age 27). (*Id*. at ¶ 21.) Long had worked at BBW since November 12, 2005 and had held multiple positions, including Sales Associate, part-time Sales Leader, full-time Sales Leader, and Co-Manager. (*Id*. at ¶ 23.) She had also worked at four different store locations in Illinois. (*Id*.) Long was a full-time Co-Manager at the Store from February 2012 to July 2012, when she stepped down to the role of full-time Sales Leader after the Co-Manager position was eliminated. (*Id*. at ¶¶ 24, 25.)

**B.     Store Closing**

In late December 2012, Dougherty informed the SLT members that because the Store would be closing near the end of January 2013, no associate would remain employed at that location. (Dkt. No. 61 at ¶¶ 32, 33.) The parties disagree regarding what options members of the SLT were offered in connection with the closing. Ultimately, both Chance and Reehoff accepted the severance package on January 30, 2013. (Dkt. No. 61 at ¶ 66.) Dougherty told Reehoff to enjoy her retirement around the time that the store closed. (Dkt. No. 64 at ¶ 16.) Long also took the severance package, and informed Chance, Reehoff, and Skirwut of her decision on January 23 or 24. (Dkt. No. 59-5 at 115:16-116:2.) Around that same time, Dougherty told Long that

---

[1] The Plaintiffs' contentions primarily relate to the disparate treatment that they and Long allegedly received near the time of the Store's closing.

Long could approach her if she wanted to come back to the company "in any capacity." (Dkt. No. 59-5 at 124:12-20.) Dougherty also offered Long a temporary co-manager position before she finalized her severance. (*Id*. at 126:2-14.)

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (internal quotation marks and citation omitted). Because Plaintiffs bear the ultimate burden of persuasion, the Defendant's summary judgment burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [Plaintiffs'] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 234 (7th Cir. 2014). "Upon such a showing, the nonmovant must then 'make a showing sufficient to establish the existence of an element essential to that party's case.'" *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). Although the nonmovant does not need to "depose her own witnesses or produce evidence in a form that would be admissible at trial," she must "go beyond the pleadings…to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor." *Id*. at 1168-69 (internal quotation marks and citation omitted).

## DISCUSSION

In their Amended Complaint, Plaintiffs set forth four counts against BBW. Counts I and III allege that BBW intentionally discriminated against Reehoff and Chance, respectively, on the

basis of age in violation of the ADEA. (Dkt. No. 5.) Counts II and IV allege that BBW's Separation Agreements violated Reehoff and Chance's rights under the OWBPA.[2] (*Id.*)

The ADEA makes it illegal for an employer to "discharge any individual…because of such individual's age." 29 U.S.C. § 623(a)(1). Employment discrimination claims brought under the ADEA may be proven using either the "direct" or "indirect" methods of proof. *Ripberger v. Corizon, Inc.*, 773 F.3d 871, 876 (7th Cir. 2014). Regardless of "whether a plaintiff proceeds under the direct or indirect method of proof, the ultimate standard is the same: the plaintiff must demonstrate that the employer would not have made the adverse employment decision in question but for his membership in a protected class." *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1061 (7th Cir. 2003).

Here, Plaintiffs contend that they have presented evidence to support a finding of age discrimination under both the direct and indirect methods of proof. (Dkt. No. 60 at 9-13.)

## A. Direct Method of Age Discrimination[3]

Under the direct method, a "plaintiff may show, by way of direct or circumstantial evidence, that his employer's decision to take an adverse job action against him was motivated by an impermissible purpose, such as…age." *Cerutti*, 349 F.3d at 1061. In other words, "[d]irect evidence essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus." *Id.* (internal quotations and citations omitted). As a general matter, Courts are unlikely find such an admission "since most employers are careful not to openly discriminate and certainly not to publicly admit" to such animus. *Radue v. Kimberly-*

---

[2] As BBW noted in its Reply, Dkt. No. 63 at 7 n. 5, Plaintiffs failed to address BBW's contentions in response to Counts II and IV in their Opposition to the Motion for Summary Judgment. (Dkt. No. 60.) Failure to respond to an argument "results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As such, Plaintiffs have waived Counts II and IV, and the Court only addresses Counts I and III as related to the ADEA.

[3] Though the Plaintiffs distinguished between Counts I and III based on the specific Plaintiff in their Amended Complaint, the parties have briefed this summary judgment issue by combining the Plaintiffs' allegations. As such, the Court considers all facts relevant to Counts I and III together.

*Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000). As such, plaintiffs typically rely on circumstantial evidence to bolster their direct method claims. *Id.* At the same time, a plaintiff need not provide such "smoking-gun" evidence; she "can also prevail under the direct method of proof by constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 631 (7th Cir. 2009).

As a preliminary point, there is insufficient evidence to suggest that BBW at any point admitted that any of its actions were "based upon the prohibited animus." *Cerutti*, 349 F.3d at 1061. Nevertheless, Plaintiffs allege that they have offered direct evidence of BBW's intent to discriminate by pointing to a "pattern of discrimination." (Dkt. No. 60 at 9-11.) Plaintiffs point to two sets of facts in support of their allegation, but neither is persuasive. First, Plaintiffs refer to a number of alleged statements as circumstantial evidence to prove animus. A remark can raise an inference of discrimination if it was "(1) made by the decision maker, (2) around the time of the decision, and (3) in reference to the adverse employment action." *Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 721 (7th Cir. 2008); *see also Steinhauer v. DeGolier*, 359 F.3d 481, 487–88 (7th Cir. 2004). Specifically, Plaintiffs cite to the following comments: (1) Dougherty recommending to Reehoff that she take the severance package; (2) Dougherty telling Reehoff to enjoy her retirement near the time the Store closed; (3) Dougherty's alleged statement that BBW was going to take a "new direction"; (4) Dougherty's alleged comment to another employee about not being able to teach an old dog new tricks; (5) Dougherty's statement that BBW was going to take a "fresh look on things" and "make changes this year"; and (6) Long's statement that she thought there could be "some type of pattern going on because there were several other women in the age group of 40 and up that were being let go."

The above comments, even if taken together, are insufficient to prove animus. Dougherty's recommendation that Reehoff take the severance package or that Reehoff should enjoy her retirement do not point directly to any discriminatory animus; in fact, either comment could be seen as a well-meaning statement about future prospects or as a recommendation given the realities of the Store's closing. *See Hnizdor v. Pyramid Mouldings, Inc.*, 413 F. App'x 915, 917-18 (7th Cir. 2011) ("An employer does not run afoul of the ADEA, for example, by suggesting that an older worker consider retirement as an alternative to being laid off in the midst of a corporate restructuring."). In addition, given that Dougherty thought, based on Reehoff's previous representations that Reehoff was unwilling to move to another store, her statements do not evidence discriminatory intent. *See Radue*, 219 F.3d at 616 ("Because the occurrence of adverse employment actions may correlate to older employees for reasons other than intentional discrimination, causation is suggested only when the other variables are shown to be insignificant."). Dougherty's reference to BBW taking a "new direction" again does not point directly to a discriminatory animus, as it is unclear that Dougherty was referring to employees' ages. Indeed, Chance thought that Dougherty was talking about "positive" change in general. (Dkt. No. 59-3 at 176:5-20.) Dougherty's alleged comment to another employee about teaching an old dog new tricks is hearsay as it is being used for the truth of the matter asserted, *i.e.* that Dougherty, and by association BBW, was improperly considering age in employment matters. The Court does not consider such statements in making its determination at this stage of the proceeding. *See* FED. R. CIV. P. 56(c); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial"); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). Dougherty's general statement about freshening things up does not evidence age

discrimination directly as there is no indication that she was referring to keeping younger employees in lieu of older ones. Finally, Long's speculation that there could be "some kind of pattern" evidencing age discrimination does not itself establish any kind of "convincing mosaic" as required under the direct method. *Darchak*, 580 F.3d at 631. Even if Long's belief alone could establish a pattern, Long's speculative statement would not support an inference of age discrimination. *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012) (a court may not "draw[] inferences that are supported by only speculation or conjecture.").

The second set of facts that Plaintiffs rely on are those found within the *Harris v. Bath & Body Works, LLC, et al.* case. Plaintiffs argue that the similar claims in that case, which also allege that Dougherty made statements evidencing age discrimination, illustrate a pattern of age discrimination. (*See* Dkt. No. 60 at 10-11.) However, Plaintiffs' citation to the *Harris* case is unavailing as the Court in that case dismissed the plaintiff's claims at precisely this stage of the proceedings. *Harris v. Bath & Body Works, LLC*, No. 14 C 3886, 2015 WL 8778145, at *6 (N.D. Ill. Dec. 15, 2015). As in that case, the Court here holds that "[t]he evidence Plaintiff[s] [have] adduced under the direct method is simply too remote and too attenuated to conclude that BBW, through Dougherty, terminated Plaintiff[s] 'because of' [their] age." *Id*. at *4.

**B.     Indirect Method of Age Discrimination**

If a plaintiff is unable to meet the direct method of the proof, she must proceed under the indirect method. In a RIF-failure to transfer case, as here, "a plaintiff must present evidence that: (1) he is a member of a protected class; (2) he reasonably performed his job to his employer's expectations; (3) he was subject to an adverse employment action; and (4) other similarly situated employees who were substantially younger than him were treated more favorably." *Radue*, 219 F.3d at 617. If the Plaintiffs present sufficient evidence to support a *prima facie* case

7

by establishing those elements, the burden shifts to BBW to articulate some legitimate, nondiscriminatory reason for its action. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010). If BBW does so, the burden returns to the Plaintiffs to prove that the stated reason is mere pretext. *Id*.

Here, BBW concedes that the Plaintiffs have met the first three prongs, but disputes the issue of whether the Plaintiffs and Long are "similarly situated employees" as required by the fourth prong. (Dkt. No. 58 at 11.) "To be similarly situated to another employee, [Plaintiffs] must show that [they are] directly comparable in all material respects." *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 979 (7th Cir. 2004); *see also Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012). While Plaintiffs need not show that they and Long are completely identical, they are "required to show at a minimum that the younger employee[] possessed analogous attributes, experience, education, and qualifications relevant to the positions sought, and that the younger employee[] obtained the desired positions around the same time as the RIF." *Radue*, 219 F.3d at 618. A Court must look at all relevant factors, which include whether the employees dealt with the same supervisor, were subject to the same standards, and whether the employees had comparable experience, education, and qualifications, "provided that the employer took these factors into account when making the personnel decision in question." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Finally, "[w]hether a comparator is similarly situated is usually a question for the fact-finder and summary judgment is appropriate only when no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Coleman*, 667 F.3d. at 846-47 (internal citations omitted).

In this case, Plaintiffs rely principally on the fact that Long received significantly more relocation assistance than they received. While there are disparate facts on that issue, those facts

only become material *if* the Plaintiffs show that they and Long are similarly situated such that they should have been offered the same assistance. *See Petts*, 534 F.3d at 725 ("Under the indirect method, Ms. Petts must first demonstrate a prima facie case of discrimination."). Because Plaintiffs cannot show that they and Long are similarly situated for the following reasons, they are unable to make the *prima facie* showing.

First, it is undisputed that Long had more experience working at different (and higher) levels within BBW and had worked in more offices than both of the Plaintiffs had. That greater experience, both in terms of management skill and variety of locales, "precludes a finding that the [Plaintiffs and Long] were similarly situated." *Bio v. Fed. Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005); *see also Wyninger*, 361 F.3d at 979 ("Because of their vastly superior work experience, none of the other production supervisors qualify as being similarly situated to Wyninger at hiring. Because no similarly situated individual, not in her protected class, was treated more favorably, her prima facie case fails"); *Petts*, 534 F.3d at 726 (affirming summary judgment where other employee's "relative experience far surpassed that of" the plaintiff). Dougherty, in her Declaration, states that she considered Long's experience in determining whether she was qualified for positions that were available. (Dkt. No. 59-4 at ¶ 7 ("Because full-time Sales Leader Kristin Long had very recently held the role of Co-Manager and had been a well-performing associate, I considered her qualified for the Co-Manager positions along with Sales Leander and Sales Associate positions. Additionally, I knew that Ms. Long…had in fact worked at multiple stores around the state. Therefore I requested a list from Ms. Long of BBW stores to which she might be interested in transferring.").) Plaintiffs fail to address this point in their briefing, focusing rather on performance and disciplinary records that are not at issue before

the Court. (Dkt. No. 60 at 8; *see also* Dkt. No. 63 at 4 (BBW stating that "BBW has not relied on Plaintiffs' disciplinary records to show they were not similarly situated…").)

Second, the fact that Plaintiffs were part-time employees while Long was a full-time employee undermines any finding that the three were similarly situated. "The determination of whether an employee is similarly situated to another is generally a fact-intensive question, but the Seventh Circuit has consistently held that a part-time worker is not similarly situated to a full-time worker." *See, e.g., Foster v. Ivy Tech State Coll.*, No. EV 95-172-C H/H, 1997 WL 907910, at *7 (S.D. Ind. Nov. 17, 1997); *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir. 1997) ("It is also clear, however, that we cannot compare Ilhardt with the nonpregnant full-time attorneys, as she suggests, because full-time employees are simply not similarly situated to part-time employees."). There are simply too many differences – such as number of hours worked, pay, and benefits – between part-time and full-time employees to consider them comparable enough to the point where a fact-finder could link any disparate treatment to discriminatory animus. *Ilhardt*, 118 F.3d at 1155. Plaintiffs again fail to acknowledge, much less address, this contention in their Opposition Brief. (*See* Dkt. No. 60.) Because Long's status as a full-time employee sets her apart from the Plaintiffs, the Court is unable to infer that age discrimination, rather than this distinction in employment status *caused* the differing employment decisions. Rather, in order for the Court to draw an interference that BBW discriminated against the Plaintiffs based on age, the Plaintiffs must show that they were treated less favorably than another part-time SLT member under identical circumstances. *See Illhardt*, 118 F.3d at 1155. Because Plaintiffs rest their case on the allegedly favorable treatment that Long, a full-time SLT member, received, they have failed to make this showing.

Plaintiffs fail to provide sufficient evidence to meet even the bare minimum requirements of the similarly situated inquiry, *i.e.* that they were "subject to the same standards" or "engaged in similar conduct" as Long. *Coleman*, 667 F.3d at 847 ("In the usual case a plaintiff must *at least* show that the comparators (1) dealt with the same supervisor, (2) were subject to the same standards, and (3) engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.") (internal quotations omitted and emphasis added). While it is undisputed that Dougherty supervised the Plaintiffs and Long, nothing in the record indicates that the Plaintiffs, as part-time employees, and Long, as a full-time employee, were held to the same standards or had the same responsibilities within BBW. Given that the ultimate burden of "persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff," the Plaintiffs here have failed to provide facts to support either of these findings. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993).

Based on the foregoing, Plaintiffs have failed to establish "enough common factors…to allow for a meaningful comparison in order to divine whether intentional discrimination was at play." *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 560 (7th Cir. 2007). Plaintiffs have failed to prove that they and Long were similarly situated, and therefore are also unable to make a *prima facie* showing of age discrimination under the indirect method. As such, the Court need not analyze BBW's contentions regarding their allegedly discriminatory actions in relation to Plaintiffs. *Stockwell*, 597 F.3d at 901 (stating that the burden shifts to defendant to articulate some legitimate, nondiscriminatory reason for its action only if the plaintiff establishes a *prima facie* case.)

## **CONCLUSION**

For the foregoing reasons, this Court grants BBW's motion for summary judgment.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 3/30/2016